McMullen *v.* The State, *ex rel.* Kendle, Drainage Commissioner.

Filed Feb. 10, 1886.

---

No. 12,869.

McMullen *v.* The State, ex rel. Kendle, Drainage Commissioner.

Drainage.—*Notice of Filing Petition.*—*Act of 1883.*—Under section 2 of the drainage act of 1883 (Acts 1883, p. 174), the notice to land-owners provided for therein is of the filing of the petition, and it must follow and not precede such filing.

Same.—*Irregular Notice.*—*Assumption of Jurisdiction.*—*Judgment.*—*Collateral Attack.*—The question as to whether proper notice has been given is a

jurisdictional one, and where there is some notice, and the circuit court acts under it as given, although it is irregular and defective, its judgment will stand as against a collateral attack.

SAME.—*Resignation of Commissioner after Reference.*—The resignation of one or more drainage commissioners, after a matter has been referred to them by name, and the appointment of their successors, will not affect the proceeding. It is not necessary to name the commissioners in the order of reference.

SAME.—*Failure to File Report at Time Fixed.*—*Collateral Attack.*—The failure of the drainage commissioners to file their report at the time fixed in the order of reference, without obtaining an extension of the time, is an irregularity available on appeal, but not on a collateral attack.

SAME.—*Remedy.*—*Appeal.*—*Practice.*—Where a remedy by appeal is provided, that remedy must be resorted to for the correction of all errors and irregularities.

From the Gibson Circuit Court.

*C. A. Buskirk* and *S. H. Kidd,* for appellant.

*M. W. Fields* and *L. C. Ewing,* for appellee.

ZOLLARS, J.—Appellee, as a commissioner appointed by the court to construct a drain, brought this action to collect assessments made against appellant's lands.

The drain was constructed under the act of 1881, R. S. 1881, section 4273, *et seq.*, as amended by the act of 1883, Acts 1883, p. 173. The record shows that, on the 7th day of February, 1884, the petition was filed in the clerk's office with the indorsement thereon that the petitioner fixed the 7th day of February, 1884, as the day for docketing thereof. On that day the petition was presented to the court, and the court made the following entry upon the question of notice:

"Comes now the petitioner herein, and presents to the court his petition for drainage, and said petitioner proves to the court that due and legal notice of the filing of said petition in the clerk's office of said court has been given, by posting up notices thereof in three public places in Patoka township, in Gibson county, Indiana, that being the township in which the lands described in said petition are situated, and near the line of the proposed work, in said petition set out and prayed for, and by posting a like notice at the court-

house door, in said county, all more than twenty days before the 7th day of February, 1884, that being the day fixed upon and noted on said petition at the time of filing the same in the clerk's office of this court, as the day set for docketing of said petition in this court, and it appearing to the court that all these things have been done, it is, therefore, ordered by the court, that said petition and proceeding be placed upon the docket of this court as an action pending therein."

Three days having expired, and there being no objections interposed, the court referred the matter to the commissioners of drainage, naming them, and ordered that they should meet on the 31st day of March, 1884, make a personal inspection of the lands described in the petition, etc., and report to the court upon the first day of the succeeding May term. It is alleged in the complaint that at the May term, 1884, the commissioners not being ready to report, the matter was continued until the 23d day of February, 1885. An entry in the order-book shows a continuance, but it does not show when the continuance was ordered, nor for how long a time.

On the 23d day of February, 1885, the commissioners filed their report, assessing benefits to lands, including those of appellant. The report was signed by the commissioners of drainage. Two of them were different persons from those named in the order of reference, but they had been appointed as drainage commissioners in the place of the two who had resigned.

There having been no remonstrance filed, and more than ten days having elapsed, the report of the commissioners was approved, the drain was established, and appellant, one of the drainage commissioners, was appointed to construct the drain.

Appellant resists the payment of the assessments upon three grounds. One is, that the proceedings, which resulted in the establishment of the drain, are null and void, for the reason that there was no proper notice of the filing of the petition. It is claimed that this is apparent upon the face of

the record, and that hence those proceedings may be success-fully assailed collaterally. This contention is based upon appellant's construction of section 2 of the act of 1883, Acts 1883, p. 174. That section provides as follows: "When-ever the petitioner shall file his petition in the clerk's office of the circuit court, he shall fix and note thereon the day set for docketing thereof, and if it appear to the court that no-tice has been given of the filing of said petition by posting up notices thereof in three public places in each township where the lands are situated, described in said petition, and near the line of the proposed work, and at the court-house door in each of the counties in which said lands are situated, not less than twenty days before the day noted thereon, and set as the day for the docketing the same, the court shall order the same placed on the dockets of said court as an ac-tion pending therein," etc.

We think with appellant's counsel, that this section pro-vided for giving notice of the filing of the petition, and that hence the notice should follow the filing. This is made ap-parent, we think, by an examination of the section, the sec-tion of which it is an amendment, and the act of 1885. The section amended, R. S. 1881, section 4275, provided that no-tice should be given of the *intention* to present a petition. That section did not require that the notice should name any particular day upon which the petition would be presented to the court. The form of notice provided in the act, R. S. 1881, section 4284, was, that the petition would be presented at the next term of the circuit court. There was nothing in that act requiring any day in the term to be named, upon which the petition would be presented, and there was no re-quirement that the petition should be filed, and thus made ac-cessible for examination by any one, until it should be pre-sented to the court. There was no specific mode provided for testing the sufficiency of the petition, except by remonstrance after the filing of the report by the drainage commissioners,

and then but three days were allowed in which to file such a remonstrance. The amendment of 1883 was intended to afford better opportunities to the land-owners to contest the proceeding from the start, and hence the act provided that the petition should be filed in the clerk's office, and a definite day noted thereon when it would be presented to the court for action. Then notice was to be given, not of the *intention* to present such a petition, but of its filing. With this notice, and the petition on file, showing by the endorsement thereon the day when it was to be presented to the court for action, interested parties would be notified in advance of the exact time when the petition would go to the court, and would be afforded an opportunity to examine it, and prepare for such resistance as they might think proper.

Three days were given to such parties after the docketing of the petition in which to test its sufficiency by demurrer, etc., and to object to any or all of the drainage commissioners. This act also preserved the right to remonstrate against the report of the drainage commissioners, and extended the time to ten days after the filing of the report. The purpose of the amendatory act very plainly was to afford better opportunities to the land-owners to protect their rights than was afforded by the act of 1881, of which it was an amendment. In the way of affording still further opportunities to the land-owners, the act of 1885 (Acts 1885, p. 131, section 3) provides that the petitioner shall file his petition in the clerk's office, and note thereon the day set for docketing thereof, and give the land-owners personal notice, by written or printed notices, of the fact of the filing and pendency of such petition. This act is a good interpreter of the act of 1883. Under both of them, we think the notice should be of the filing of the petition, and hence should be subsequent to the filing.

But when we have said this much, we have not disposed of the case before us. As will be observed, it is left to the court, under the acts of 1883 and 1885, to determine whether or not proper notices have been given. The petition invoked

the jurisdiction of the court over the subject-matter. Jurisdiction is the power to determine and act, and this power includes authority to decide erroneously as well as correctly.

The notices were required to give the court jurisdiction over the land-owners named in the petition. That such notices had been given, was a jurisdictional question which the court was required to determine before ordering the petition to be docketed. The fact that the court assumed to exercise jurisdiction, and ordered the petition to be docketed as a pending action, is proof of record that it determined that the proper notices had been given.

Where a court of superior jurisdiction exercises jurisdiction, it will be presumed that it rightfully does so, and the judgment will be invulnerable as against a collateral attack, unless the record affirmatively shows that the judgment is void. *Young* v. *Wells*, 97 Ind. 410.

It is contended here, however, that the record does show affirmatively that the whole proceeding, in the establishment and construction of the drain, is void, because the notices did not follow, but preceded the filing of the petition, and because the notices were not notices that the petition had been filed, but that it would be filed and presented on the 7th day of February, 1884.

The court decided that proper and sufficient notices of the filing of the petition had been posted for the required length of time, and at the proper places, and upon that adjudication ordered that the petition should be docketed. That decision was an erroneous decision, but it does not necessarily follow, because the court may have thus erred, that the whole proceeding is void, and must go down under a collateral assault. If the case were here upon appeal, it would be a different matter. The statute requires notices of the filing of the petition to be posted. Here notices were posted, but they were notices that the petition would be filed and presented, and not that it had been filed. The court decided that the notices were sufficient. This court has decided in a

number of cases recently, that where there is any notice, no matter how irregular and defective it may be, and the court has decided such notice to be sufficient, the judgment based thereon will not be treated as void in a collateral attack by a party to the record. *Jackson* v. *State, etc.*, 104 Ind. 516; *Quarl* v. *Abbett*, 102 Ind. 233 (52 Am. R. 662); *Dowell* v. *Lahr*, 97 Ind. 146; *City of Terre Haute* v. *Beach*, 96 Ind. 143; *McCormick* v. *Webster*, 89 Ind. 105; *Carrico* v. *Tarwater*, 103 Ind. 86; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *Helphenstine* v. *Vincennes Nat'l Bank*, 65 Ind. 581 (32 Am. R. 86).

The writer of this opinion has grave doubts as to whether or not the decisions in the above cases, and the principles upon which they rest, are applicable and controlling in the case before us. The other members of the court are of the opinion that they are, and hence we hold that the court below having decided that the notices were sufficient, appellant can not, in the collateral manner here attempted, be allowed to assail, as void, the proceedings which resulted in the establishment and construction of the drain, and the assessments against her lands.

Another ground upon which appellant claims that the assessments against her lands, and the whole proceedings are void, is, that the commissioners who made the report are not the same persons named in the order referring the matter to the drainage commissioners. As we have seen, two of the commissioners named in the order of reference resigned, and the court appointed others in their places. The persons thus appointed, in connection with the other commissioner, made the report. The court had authority to fill such vacancies by the express provisions of the statute. R. S. 1881, section 4273. The matter was referred to the commissioners of drainage. They were named in the order of reference, but we do not think that was necessary. When one or more of such commissioners resign after a matter is referred, such resignation does not stop the proceeding. When others are

McMullen *v.* The State, *ex rel.* Kendle, Drainage Commissioner.

appointed to fill the vacancies, the commissioners of drainage, as a body, may go on and perform the duties in the matters referred. To hold otherwise would be to hold that upon the resignation of one or more of the commissioners, the court would have to recall all matters referred to them and go through the form of again referring them. Certain it is, that appellant's contention can not avail in the collateral attack she is making upon the proceeding.

The third and last ground upon which appellant contends that the proceedings which led to the assessments against her lands are void, is, that the drainage commissioners did not report at the May term, 1884, of the court, as they were directed to do when the matter was referred to them, and that they did not file their report until the 23d day of February, 1885. There is one entry in the record, showing that the case was continued, but there is nothing to show at what term of the court that order of continuance was made. If, as a fact, the commissioners carried the matter along without having reported to the court and procured an extension or extensions of the time in which to complete and file their report, the proceeding was radically irregular, and, in a direct proceeding upon appeal, would be so declared. But that irregularity does not render the proceedings absolutely void, as they must be, in order to overthrow them in a collateral attack, such as appellant is making. *Munson* v. *Blake*, 101 Ind. 78.

Appellant, as we have seen, had no actual notice of the proceedings until July, 1885. She might then have appealed and raised the questions directly, which she here seeks to raise collaterally. Perhaps other remedies by a direct proceeding were open to her, but that we need not now decide. The rule is, that where a remedy by appeal is provided, that remedy must be resorted to for the correction of all errors and irregularities. *Smith* v. *Hess*, 91 Ind. 424.

As the court below decided in accordance with this opinion, the judgment is affirmed, with costs.

Filed Feb. 13, 1886.