Deegan *et al. v.* The State, for use of Stoddard, Drainage Commissioner.

Filed Nov. 5, 1886.

108 155
124 241

No. 12,715.

DEEGAN ET·AL. *v.* THE STATE, FOR USE OF STODDARD, DRAINAGE COMMISSIONER.

DRAINAGE.—*Complaint to Enforce Assessment.—Petition.—Notice.—Matters of Defence.*—A complaint to enforce a drainage assessment, which shows that there was a petition and notice, and a judgment establishing the drain and confirming the assessments, is good without an averment that the defendant's land was described in the petition, or that his name appeared in the petition or notice, these being matters of defence.

SAME.— *Irregular Notice.— Jurisdiction.— Collateral Attack.*—The drainage law of 1883 requires the petition to be filed before the notices are posted, but the fact that it is filed the day after is a mere irregularity, and not in itself sufficient to defeat the collection of an assessment.

From the Porter Circuit Court.

*J. M. Howard* and *E. P. Hammond,* for appellants.

*E. D. Crumpacker* and *P. Crumpacker,* for appellee.

MITCHELL, J.—This was a suit by Stoddard, as drainage commissioner, against Margaret H. Deegan and her husband, to enforce the collection of an assessment for drainage purposes against the lands of Mrs. Deegan.

The assessment was made in pursuance of proceedings instituted and had under the circuit court act of 1881, as amended by the act of 1883.

The complaint avers that Paul Freed petitioned the Porter Circuit Court, setting forth the necessity for the drainage of certain lands, and that he gave due notice of the filing of such petition by posting up notices thereof in three public

places in each township in which the lands described in such petition were situate.

The complaint avers that such further proceedings were had in that behalf, as that an assessment of benefits amounting to $70 was made and duly confirmed against the appellants' lands, and that the commissioner of drainage duly called for eighty per cent. thereof, which remains due and unpaid.

It is now said that because the complaint fails to aver that the appellants' lands were described in the petition, or that either of the appellants' names appeared in the petition or notice, it was fatally defective, and that error was committed by the court below in overruling the appellants' demurrer thereto.

Substantially the same objections were made to a complaint in the analogous case of *Jackson* v. *State, etc.,* 104 Ind. 516, where it was held, that a complaint to enforce a drainage assessment, which shows that a petition had been filed and notice given, and that these were followed by such proceedings as resulted in a judgment establishing the drain, and confirming the assessments, is good as against a collateral attack.

Where it appears that there was a petition and notice, in a given case, thus invoking the jurisdiction of the court over a subject-matter, and over persons affected by a judgment finally given in such case, the presumption will be indulged, when the proceedings are drawn in question collaterally, that the petition and notice were in all respects sufficient to uphold the judgment, and such as the law required. *Indianapolis, etc., G. R. Co.* v. *State, ex rel.,* 105 Ind. 37; *Pickering* v. *State, etc.,* 106 Ind. 228, and cases cited; *McMullen* v. *State, ex rel.,* 105 Ind. 334.

If assessments were made against lands not described in the petition, or against persons, without an attempt to give such notice as the law requires, these become matters of defence as against a complaint which alleges a petition and notice.

There was a special finding of facts by the court, and conclusions of law stated thereon.

Deegan *et al. v.* The State, for use of Stoddard, Drainage Commissioner.

It appears from the special findings of the court, that Freed, who petitioned for the ditch, posted notices on March 19th, 1883, of his intention to present his petition for the establishment of the drain, to the Porter Circuit Court, on the 9th day of the ensuing April, and that he did not file his petition until the day after the notices were posted. The proceedings having been instituted under the act of March, 1883, which requires the petition to be filed before the notices are posted, it is now contended that because there was no petition on file when the notices were posted, the notices given, as well as the subsequent proceedings, were void. *Mills* v. *State,* 10 Ind. 114, *Jones* v. *Porter,* 23 Ind. 66, *Briggs* v. *Sneghan,* 45 Ind. 14, and *Brooks* v. *Allen,* 62 Ind. 401, are relied on as sustaining this view.

The cases which lend any support to the position contended for, are cases which bring in question, on a direct appeal, the validity of a summons issued in a civil case before the filing of a complaint. They hold that a summons so issued is invalid and void, and that unless notice is waived by an appearance, a default will not be authorized on such summons. Without further examination of these cases, they do not, in our opinion, exert a controlling influence here where the attack is collateral.

The controlling fact in the case we are considering is, that at the time the court took jurisdiction of the proceedings and gave judgment, there was a petition before it, and some notice had been given. That the notice was prematurely given, was at most but an irregularity. In this proceeding, we must assume that the court passed upon and adjudged both the petition and notice sufficient. However erroneous this judgment may have been, it was not void. Not being void, it can not be assailed in this indirect method for mere irregularities and defects. This precise question was made and determined in the case of *McMullen* v. *State, ex rel., supra.*

As we find no error, the judgment is affirmed, with costs.

Filed Nov. 4, 1886.