Wishmier *v.* The State, *ex rel.* Wilcox, Drainage Commissioner.

---

No. 13,177.

WISHMIER *v.* THE STATE, EX REL. WILCOX, DRAINAGE COMMISSIONER.

DRAINAGE.—*Action by Commissioner to Collect Assessment.—Sufficiency of Complaint.—*As to the sufficiency of a complaint by a commissioner of drainage to collect an assessment of benefits, see opinion.

BILL OF EXCEPTIONS.—*Failure to 'Present to Judge Within Time Fixed.— Excuse. — Affidavits.—Supreme Court.—Practice.—*A question as to whether an appellant is excusable for failing to present his bill of exceptions to the trial judge for his signature within the time allowed, can not be tried or determined in the Supreme Court on affidavits.

From the Tipton Circuit Court.

*J. W. Robinson,* for appellant.

*J. Green* and *J. M. Fippen,* for appellee.

MITCHELL, J.—Wilcox, as drainage commissioner, brought this suit against Wishmier, to collect an assessment of benefits made against the lands of the latter in a drainage proceeding.

It is claimed as a ground for reversal of the judgment below, that the court erred in overruling a demurrer to the complaint.

A copy of the report and assessments made by the commissioners of drainage, together with the judgment of the court confirming the report and assessments and establishing the drain, is attached as an exhibit to the complaint. A copy of the notice that the work had been established by the court, with the several assessments to the several tracts of land, as filed in the recorder's office, was also filed as an exhibit with the complaint.

The appellant's contention is, that the demurrer should have been sustained, because there is nothing in the complaint to indicate which of the two exhibits thus filed constitutes the foundation of the action. The point has no merit. The complaint sets out in unnecessary detail all the various steps taken in the proceeding for the location and establishment of the drain. The material facts averred are, that a petition in that behalf was filed, and due notice given thereof; that at the proper time the matter was duly referred to the commissioners of drainage, and that the commissioners made an assessment of benefits in amounts named against certain lands, among which were certain described lands of the appellant, which assessment, with other pertinent matters, was duly reported to the court. A copy of this report and assessment is filed with the complaint.

It is averred in the body of the complaint, that the commissioners assessed specified sums against each of several described tracts of land belonging to the appellant. It is averred further, that the ditch commissioner to whom the supervision of the work was committed, has constructed the drain as the same was established, and that he has assessed upon the lands benefited ratably upon the amount of benefits

adjudged by the court to each separate tract, one hundred per cent. of the whole assessment. It is also averred, that the commissioner directed that the assessments be payable twenty per cent. monthly, such sums being necessary for the construction of the work, of which assessments and direction due notice had been given. The complaint alleges that sixty per cent. of such assessments so made is due from the appellant and unpaid.

It was unnecessary that anything more than a copy of the assessment, so far as it affected the several tracts of land owned by the appellant, should have been set out in, or exhibited with, the complaint. The amount of the assessments as made by the commissioners, and confirmed by the court, constitutes a lien against each of the several tracts assessed. *State, ex rel.*, v. *Myers*, 100 Ind. 487; *Moss* v. *State, ex rel.*, 101 Ind. 321; *Pickering* v. *State, etc.*, 106 Ind. 228.

The assessments, as made and confirmed against the several tracts of land, alleged to belong to the appellant, were literally copied into the body of the complaint. This was all that was necessary in that respect. It is not necessary in a complaint to enforce the collection of an assessment, that a copy of the commissioners' report, with all the assessments made by them on other tracts of land, be copied. The report and assessments are often cumbersome, and of great length. There is no more propriety in setting out a copy of the entire instrument than there would be in copying a tax duplicate in a suit to enforce a single lien. The several exhibits attached to the complaint were mere surplusage, and neither added to, nor detracted from, the averments and assessment copied into the body of the complaint.

The complaint in this case shows that a petition was filed, invoking the jurisdiction of the court over the subject-matter; that notice was given as prescribed by the statute. It also shows that after the filing of the petition, and proof of notice, the court referred the matter to the commissioners of drainage, and that their report, and the assessment against the

plaintiff's lands, among others, was confirmed by the court. This establishes the jurisdiction of the court over the subject-matter, and over the appellant and his lands, to such an extent as to render the assessment good against a collateral attack. *Pickering* v. *State, etc., supra; McMullen* v. *State, ex rel.,* 105 Ind. 334; *Deegan* v. *State, etc.,* 108 Ind. 155.

There was no error in overruling the demurrer to the complaint.

It is conceded that the bill of exceptions containing the evidence was not presented to the judge for his signature within the time fixed therefor.

Affidavits on behalf of appellant, setting up matters as an excuse for failing to present the bill within the time allowed, are filed here. Other affidavits in denial of these matters are presented on the appellee's behalf. This presents a controversy which can not be tried or determined upon affidavits in this court. The bill of exceptions must be disregarded.

Judgment affirmed, with costs.

Filed April 2, 1887; petition for a rehearing overruled June 16, 1887.