Sites *v.* Miller *et al.*

———————◆———————

No. 13,842.

## SITES *v.* MILLER ET AL.

DRAINAGE.—*Act of 1883.*—*Notice.*—The notice required by the drainage act of 1883 must follow, and not precede, the filing of the petition, and where the notice is that the petition *will* be filed at the next term of court, it is not sufficient, and the proceedings may be dismissed upon the motion of one who has not submitted to the jurisdiction of the court.

Sites *v.* Miller *et al.*

SAME.—*Refusal to Give Further Notice.*—*Dismissal of Petition.*—*Bill of Exceptions.*—*Practice.*—No question is presented on appeal as to the action of the trial court in dismissing a petition for drainage, upon the refusal of the petitioner to give further notice of the filing of the petition, unless it is preserved by a bill of exceptions.

From the Franklin Circuit Court.

*J. F. McKee, D. W. McKee, F. Berry* and *H. Berry, Jr.,* for appellant.

*S. E. Urmston, I. Carter, W. H. Jones* and *C. F. Jones,* for appellees.

OLDS, J.—This is a proceeding for the drainage of certain real estate, under the drainage act of 1883. The original petition was filed on the 16th day of April, 1884, and on the 17th day of September, 1884, an amended petition was filed. At the November term, 1884, of said court, proof of posting notices was filed, and the court ordered the cause docketed as an action pending, and referred the petition to the commissioners of drainage, with orders to report on a day named. The commissioners made report, which included lands not named in the petition, and notice was given to the owners of the lands included in the report, and not included in the petition. At the April term, 1885, the commissioners of drainage filed an amended report. One Robert Darr, whose lands were reported as benefited, remonstrated, and there was a trial and finding in favor of Darr on his remonstrance, and the petition again referred to the commissioners of drainage, and an order was finally made for the commissioners to report on the first day of the February term, 1886; they failed to report upon that day, and on the second day of said term the petitioners filed a petition stating the reasons for the failure of the commissioners to report, and the time was extended. Various steps were taken, and finally a report was filed by the commissioners. Some of the persons whose lands were assessed made special appearances, and moved to set aside the report, and without their motions being passed upon appeared and filed remonstrances.

The appellee Lafayette M. Hetrick, whose lands were described in the petition and reported as benefited, made a special appearance and filed his written motion to set aside the report of the commissioners of drainage and the notice, and to dismiss the proceedings, stating, among other reasons for the setting aside of the report and notice and the dismissal of the proceedings, that no notice had been given of the filing and pendency of the petition as required by the act of 1883, and that the only notice which had been given by said petitioner in said cause was a notice stating that "at the next term of the Franklin County Circuit Court the said Sites would petition said court for the drainage of certain real estate," describing it, "and that a large number of the persons whose lands were affected by such drainage had not appeared to·said petition, and had in no way submitted to the jurisdiction of said court." The court sustained the motion of said Hetrick, and made a finding that the "material allegations set forth in said motion are true, and that all of the notices concerning the filing of the petition in this cause were that the petitioner would file a petition at the next term of the Franklin Circuit Court, and not that he had filed his petition;" and the court ordered "that the order of the court docketing this cause as an action pending in said court, and the order referring said petition to the commissioners of drainage, and the report of said commissioners, be set aside and held for naught;" to which ruling of the court in sustaining said motion appellant excepted and assigns the same as error. Hetrick had not waived notice in this case; the first step taken by him was his special appearance and motion to dismiss, on the grounds of the insufficiency of the notice. The case of *McMullen* v. *State, ex rel.,* 105 Ind. 334, is decisive of the question in this case. The motion of Hetrick was properly sustained.

The record shows that after the court sustained the motion of Hetrick, and at a subsequent term of the court, the petitioner appeared in court and notified the court that he would

not give any further notice of the filing of the petition, and refused to give any further notice of the filing of such petition, whereupon the court, on its own motion, dismissed the cause and petition at the costs of the petitioner, to which action of the court the petitioner objected and excepted.

Counsel for appellant contend that as some of the parties whose lands were affected by the proposed drainage had appeared and filed remonstrances, they had thereby waived notice, and that the action of the court in dismissing the proceedings as to such persons who had waived notice was erroneous, but this question is not properly presented to this court. To review the action of the lower court in the dismissal of the cause upon the refusal of the petitioners to give further notice of the filing of the petition, it was necessary to preserve the question by bill of exceptions. While many questions are presented by the bill of exceptions, this question is omitted. *Pennsylvania Co.* v. *Niblack,* 99 Ind. 149.

The case as presented to this court shows this state of facts : The petitioner filed his petition for the drainage of certain real estate, but failed to give the proper notice of the pendency of the petition. The cause proceeded step by step until a final report was made and filed by the commissioners of drainage. A few of the parties interested appeared, and, without objecting to the notice, remonstrated, whereby they waived the giving of the proper notice of the filing of the petition. *Carr* v. *Boone,* 108 Ind. 241. At this stage of the proceedings, Hetrick, whose lands were described in the petition, entered a special appearance, and moved to set aside the notice and all proceedings subsequent thereto. The notice being insufficient, the court properly sustained his motion. The ruling of the court on the motion of Hetrick is properly presented by bill of exceptions.

At this stage of the case, in order to proceed further, as to those who had not waived service, at least, it was necessary that a further and proper notice of the filing of the petition should have been ordered and given. The petitioners

refused to give any further notice, and the court, on its own motion, dismissed the proceedings and petition, but there is no bill of exceptions presenting the question as to the action of the court in the dismissal of the cause, and the question as to the correctness of the ruling of the court in dismissing the petition as to those who had waived notice is not properly presented for the decision of this court.

Judgment affirmed, with costs.

Filed Sept. 17, 1889.