Filed March 12, 1890.

———————◆———————

No. 14,028.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. STATE, FOR THE USE OF BECKMAN,
COMMISSIONER OF DRAINAGE, ETC.

DRAINAGE.—*Railroad.*—*Assessments.*—*Confirmation of by Court.*—*Lien.*—*Condition Precedent.*—*Filing Notice.*—Under the act of 1883 the approval and confirmation by the court of the assessments as made in the report of the drainage commissioners creates the lien, and it is not necessary as a condition precedent to the right of the drainage commissioner to maintain an action for the collection of the assessments, that the percentage of assessments made by the commissioner having the work in charge shall have been reported to and confirmed by the court, nor that the commissioner shall have filed in the recorder's office of the county notice that the work has been established by the court, and of the several assessments against the several tracts of land. *Scott* v. *State, etc.*, 89 Ind. 368, distinguished.

SAME.—*Finding.*—*Conclusion of Law.*—Where the court, in an action against a railroad company to collect ditch assessments, after finding the facts specially as requested, instead of stating its conclusions of law in the usual manner, finds the amount to be recovered and that the assessment be foreclosed on the property of the road described in the complaint, the only conclusion of law possible relating to the sum due and the lien, the objection that the court failed to state its conclusion of law on the facts found can not be sustained.

SAME.—*Lien.*—*Void Sale.*—*Statute.*—The statute (Elliott's Supp., section 1189) creating a lien upon the road does not authorize the body of the road to be sold, and an order directing such sale is void.

From the Lake Circuit Court.

G. R. Eldridge and G. W. Friedley, for appellant.

T. S. Fancher and W. C. McMahon, for appellee.

MITCHELL, C. J.—This proceeding was instituted by Beckman, drainage commissioner, against the railroad company for the purpose of collecting certain ditch assessments.

The complaint shows that a proper petition was filed ; that the railroad company was made a party to the proceeding, and was duly notified ; that benefits were assessed against its right of way through certain described tracts of land in Lake county, in a specified sum, and that the assessments so made were duly reported to and confirmed by the court. The original proceedings were instituted in the circuit court under the act of 1883. It is also averred in the complaint that the drainage commissioner, to whom the construction of the work had been committed, had made certain assessments from time to time, to pay for the construction of the work of which due notice had been given, which assessments the company neglected and refused to pay. A copy of the commissioner's assessment, showing the dates and amounts assessed, was filed with and made a part of the complaint.

The complaint is full, complete and sufficient in every respect. *Wishmier* v. *State, ex rel.*, 110 Ind. 523, and cases cited. It was not necessary, as a condition precedent, to the right of the drainage commissioner to maintain an action for the collection of the assessments, that the percentage of assessments made by the commissioner having the work in charge should have been reported to and confirmed by the court, nor that the commissioner should have filed in the recorder's office of the county notice that the work had been established by the court, and of the several assessments against the several tracts of land.

Under the act of 1883, the approval and confirmation by the court of the assessments as made in the report of the drainage commissioners, creates the lien which relates to the time of filing the petition. Elliott's Supp., Section 1189,

Louisville, New Albany, etc., R'y Co. v. State, for the use of Beckman, Etc.

This distinguishes the present case from *Scott* v. *State, etc.,* 89 Ind. 368.

After finding the facts specially as requested, the court instead of stating its conclusions of law in the usual manner, added the following : " Wherefore, it is adjudged and decreed by the court that the plaintiff do recover of the defendant $450, plus $40, attorney's fees for plaintiff's attorney, and all costs of this action ; that the assessment be foreclosed upon the defendant's property, as described in the complaint herein," etc.

Without asking for a more formal statement of the conclusions of law, the defendant objected to the conclusions stated by the court on the facts found.

There is no force in the objection now made that the court failed to state its conclusions of law on the facts found. The only conclusions of law possible to be stated upon the facts found, related to the sum due, and that the amount constituted a lien on the right of way described in the complaint.

The points suggested in reference to the admission in evidence of certain orders and notices are without substantial merit.

The court rendered judgment against the company for a certain sum, and made a decree of foreclosure and order for the sale of the right of way of the railroad through certain described sections of land in Lake county, for the satisfaction of the judgment. So far as respects the order directing the sale of the railroad, it is enough to say it is not maintainable. The statute creates a lien upon the road, but does not authorize the body of the railroad to be sold. *Louisville, etc., R. W. Co.* v. *Boney,* 117 Ind. 501.

To the extent that the judgment fixes the amount due, and awards the right of process for its collection, it is affirmed. The order directing the sale of the appellant's railroad, as mentioned in the decree, is reversed, with the costs of this appeal against the appellee.

Filed March 12, 1890.