Filed June 5, 1890.

---

No. 14,324.

## KENNEDY v. THE STATE, EX REL. DORSETT, DRAINAGE COMMISSIONER.

DRAINAGE.—*Assessments.*—*Drainage Commissioner's Notice.*—Where an assessment for the construction of a ditch has been approved and confirmed by the court, the failure of the drainage commissioner to give notice "as soon as may be" after he was appointed, as required by section 5, act 1883, can not be set up in bar of an action against one of the original parties to the proceeding. The assessment as approved and confirmed by the court constitutes a lien on the land assessed at the date of filing the petition, except where lands are omitted in the petition and afterwards assessed and reported by the commissioners.

SAME.—*Pleading.*— *Complaint.*— *Jurisdiction.*—In such action, where the complaint alleges the filing of the petition, the giving of notice, the reference to the commissioners of drainage, and the approval of their report, the jurisdiction by the court of the subject-matter is sufficiently

shown although the verification of the original petition in the drainage proceeding is not alleged.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Matthews,* for appellant.

*G. W. Grubbs* and *M. H. Parks,* for appellee.

OLDS, J.—This was an action by the appellee against the appellant to collect an assessment made against the lands of the appellant for the construction of a ditch under the act of 1881, as amended by the act of 1883.

The complaint is in one paragraph. Appellant demurred to the complaint for want of facts, which demurrer was overruled, and exceptions reserved. The cause was then put at issue and a trial had by the court without a jury, and, on proper request, the court found the facts and stated its conclusions of law.

The appellant excepted to each of the conclusions of law. The appellee moved for judgment on the special findings and conclusions of law. The court sustained the motion, to which ruling the appellant excepted.

The appellant assigns as error the overruling of his demurrer to the complaint, that the court erred in its conclusions of law, and that the court erred in rendering judgment in favor of the appellee upon its findings and conclusions of law.

The complaint is of considerable length, and we do not deem it necessary to set it out. The complaint is clearly sufficient. It is based upon the report of the drainage commissioners as approved and confirmed by the court, and a copy of such assessment so approved and confirmed by the court is set out with the complaint.

It is contended that it appears by the complaint that the drainage commissioner, charged with the construction of the work, did not make out the notice as required by section 5 of the act of 1883, " as soon as may be after " he was appointed, as required by said section, but that such notice was

Kennedy v. The State, *ex rel.* Dorsett, Drainage Commissioner.

not made out until long thereafter, and that it is not in the form of a notice. Even if the contention be true, it can make no difference. The appellant was one of the original parties to the proceedings, whose lands were assessed, and no rights of innocent parties have intervened. Under the act of 1883 it is the assessment as approved and confirmed by the court that constitutes and becomes a lien on the land so assessed from the date of filing the petition, except where lands are omitted in the petition and afterwards assessed and reported by the commissioners.

It is contended that the complaint does not aver that the original petition in the drainage proceedings was verified, and therefore it does not appear that the court had jurisdiction in such proceedings.

The complaint sets out with particularity the steps taken, the filing of the petition, the giving of the notice, that the court referred the same to the commissioners of drainage, and that they reported, and their report was approved and confirmed by the court. It is fully shown by the complaint that the court had jurisdiction of the subject-matter, and took jurisdiction in the case, and it shows the proceedings to be valid as against a collateral attack. *Wishmier* v. *State, ex rel.,* 110 Ind. 523; *Pickering* v. *State, etc.,* 106 Ind. 228; *Mc-Mullen* v. *State, ex rel.,* 105 Ind. 334; *Deegan* v. *State, etc.,* 108 Ind. 155; *Johnson* v. *State, etc.,* 116 Ind. 374; *State, ex rel.,* v. *Jackson,* 118 Ind. 553.

The questions presented by the other assignment of errors are not materially different from those presented by the demurrer to the complaint.

There is no error in the record.

Judgment affirmed, with costs.

Filed June 5, 1890.