HOEFGEN v. STATE, EX REL. BROWN, COMMISSIONER.

[No. 2,059.   Filed May 19, 1897.]

DRAINAGE.—*Action to Enforce Assessment Lien.—Complaint.*—In an action, under act of April 6, 1885, to enforce a drainage assessment, a complaint which shows that the petition for the construction of the drain was referred to the drainage commissioners, that they made a report and finding that defendant owned certain lands that would be benefited thereby in certain specified sums, and that the report so made was approved and confirmed by the judgment of the court, sufficiently sets out the assessment to make the complaint good against a demurrer.   *pp. 538–540.*

SAME.—*Assessment Lien.—Complaint.*— In an action to enforce a drainage assessment lien, it is not necessary that it be averred in the complaint that a notice of the assessment of benefits was recorded in the recorder's office.   *p. 542.*

SAME.—*Assessment Lien.—Complaint.*—The complaint in an action to enforce a drainage assessment lien need not aver that the drain was made according to the plans and specifications.   *p. 543.*

SAME.—*Assessment Lien.—Complaint.*—It is not necessary that the complaint, in an action to enforce a drainage assessment lien, aver that all the amount of benefits assessed against defendant's land is needed to pay the expenses and costs of construction.   *p. 544.*

From the Marion Circuit Court.   *Affirmed.*

*J. H. Blair*, for appellant.

*A. W. Wishard, F. H. Blackledge* and *W. W. Thornton*, for appellee.

WILEY, J.—On June 11, 1890, George Harness and others filed their petition in the clerk's office of the Marion Circuit Court, for the construction of a ditch. The appellant, whose lands would be affected by the work, was made a party to the proceedings. She did not appear and remonstrate, but suffered a default, and such steps were taken and proceedings had, as that the proposed ditch was ordered to be constructed, and the work of construction was referred to the appellee relator, as one of the drainage commissioners. Appellant's lands were assessed for benefits, and this was a proceeding to enforce the lien of such assessments. The ditch was constructed under the provisions of the drainage act of April 6, 1885. In the proceedings to enforce the lien of the assessments against her lands, judgment was obtained, and a decree entered against appellant for the entire amount of the assesments, etc.

From this judgment she appeals, and the errors assigned call in question the sufficiency of the complaint; the sufficiency of appellant's third, fourth and fifth paragraphs of answer, and the overruling of her motion for a new trial.

Appellant's first contention is that the complaint is defective because a copy of the assessment, which is the basis of the action, is neither set out in the complaint, nor filed with and made a part thereof as an exhibit.

If the assessment is not set out in the body of the complaint, nor made a part of it by reference, as an exhibit, the complaint is ill, and the demurrer thereto should have been sustained. We must look to the

averments of the complaint to determine this question.

The complaint avers the filing and docketing of the petition, notice to appellant, a reference to the drainage commissioners, and that said commissioners made. report thereon. Upon the question of the report of the commissioners and the assesments, the allegations of the complaint are as follows: "Upon the 10th day of June, 1891, said commissioners did, pursuant to law, submit a report of their doings as such commissioners, and that among other things they did report and find that said defendant, Eliza Hoefgen, was the owner of certain real estate therein described as follows:" (Then follows the description of the lands, the first containing 20, the second 40, and the third 40 acres.) Continuing, the complaint avers that "said commissioners did also find that the first of said tracts of real estate owned and possessed by said defendant, Eliza Hoefgen, would be benefited in the sum of one hundred and sixty dollars ($160.00) by said proposed drainage; that the second tract of land * * * would be benefited in the sum of three hundred and twenty dollars ($320.00) by said proposed drainage; and that the third tract of land * * * would be benefited in the sum of one hundred and twenty dollars ($120.00) by said proposed drainage. * * * That afterwards, by proceedings had in this court, said report of said drainage commissioners was by the court duly affirmed and confirmed, and the drainage therein provided, ordered and established and the work therein ordered done, and the lien of the assessments upon the real estate of said Eliza Hoefgen duly established." The complaint then avers that the relator was charged with the construction of said ditch; that he gave notice of the time and place when he would receive bids and proposals for the construc-

tion of said ditch; that the work of construction was let in conformity to law; that the contractors executed bonds conditioned for the faithful performance of their contracts; that said contractors fully completed said work, and that the same was accepted and approved by the county surveyor and said relator. "That by reference thereto the report of the commissioners and the various orders of the court in relation thereto and all of the proceedings had in said cause numbered 5273, of this court, are hereby made a part of this complaint." The complaint further avers that subsequent to his appointment as such commissioner of construction he gave notice by publication, as required by law, of the time and place where the installments of the payments of benefits so assessed would come due and payable, and that he gave actual notice of the time and place where said installments would become due and payable to the appellant; that the work of construction, etc., has long since been completed and has been affirmed and accepted by the county surveyor and the relator, and that a personal demand has been made upon appellant for payment and that the same has been refused. Under these allegations of the complaint, and the adjudicated cases, upon the questions under consideration, we do not think appellant's objection to the complaint is well taken.

In *Laverty* v. *State, ex rel.*, 109 Ind. 217, it was said by Howk, J., speaking for the court: "In suits for the collection of drainage assessments, * * * all that the complaint * * * need state or show, of or concerning the original proceedings and judgment for the establishment of the ditch, are (1) that some notice was given of the filing of the petition for the ditch, (2) the filing of such petition, (3) the report of the commissioners of drainage of the benefits and damages assessed, and (4) that such report was ap-

proved and confirmed by the judgment of the court, and (5) a copy of the assessment against the defendant in all cases, must be either set out in, or filed with and made a part of, such complaint."

In *Wishmier* v. *State, ex rel.*, 110 Ind. 523, it was said: "The assessments, as made and confirmed against the several tracts of land, alleged to belong to the appellant, were literally copied into the body of the complaint.  This was all that was necessary in that respect."

In *Louisville, etc., R. W. Co.* v. *State, ex rel.*, 122 Ind. 443, the complaint showed the filing of a petition; that the railroad company was made a party; that notice was given; that benefits were assessed against its right of way through certain described tracts of land in a specified sum, setting them out; that the assessments so made were duly reported and confirmed by the court, and the complaint was held good.

In the case under consideration, the complaint contained all the averments required when measured and judged by the cases cited.  The filing of the petition invoked the jurisdiction of the court as to the subject-matter involved; the notice required by statute. which is averred in the complaint was duly given, brought appellant into court, and conferred jurisdiction of her person; that petition was referred to the drainage commissioners; they made report, finding that the appellant owned certain lands that would be affected by the proposed work, and that they would be benefited thereby in specific sums named, and the report so made was approved and confirmed by the judgment of the court.

The rule prevails in this jurisdiction, that assessments for the construction of public ditches are made in proportion to the assessment of benefits, and while the complaint is not as clear and specific in setting

out the assessments, as it might be, we think it substantially complies with the statute and the rules of pleading as defined in the cases cited. The allegations of the complaint are sufficient to establish the jurisdiction of the court over the subject-matter, and also over the appellant and her lands to such an extent as to render the assessments good against a collateral attack, and in all particulars above specified, renders the relator's complaint amply sufficient to withstand demurrer for alleged want of facts, and it was good beyond all room for doubt. See *Wishmier* v. *State, ex rel., supra; Pickering* v. *State,* 106 Ind. 228; *McMullen* v. *State, ex rel.,* 105 Ind. 334; *Deegan* v. *State,* 108 Ind. 155; *Laverty* v. *State, ex rel., supra; Louisville, etc., R. W. Co.* v. *State, ex rel., supra.*

Appellant's next insistence, that the complaint does not aver that the commissioners charged with the work of construction, "made a notice of the assessment of benefits against appellant's lands as confirmed by the court and caused the same to be recorded in the office of the recorder," etc., and that for such failure to so aver, the complaint is defective, is not well taken. No such averment is required, for the lien of the assessment is not created by filing such notice in the recorder's office, but by the judgment of the court approving and confirming the assessment of benefits as reported by the drainage commissioners. *Louisville, etc., R. W. Co.* v. *State, supra.*

In that case it was said: "It is not necessary, as a condition precedent, to the right of the drainage commissioner to maintain an action for the collection of the assessments, that the percentage of assessments made by the commissioner having the work in charge should have been reported to and confirmed by the court, nor that the commissioner should have filed in the recorder's office of the county notice that the work

had been established by the court, and of the several assessments against the several tracts of land.    *   *   *  The approval and confirmation by the court of the assessments as made in the report of the drainage commissioners, creates the lien which relates to the time of filing the petition."

The next objection appellant urges to the complaint is that it contains no averment that the work has been completed according to the plans and specifications, etc.    No authority is cited or argument attempted in support of this proposition.    We do not think that such allegation is necessary, for, under the statute, the commissioner may bring his action to enforce the lien, or specific parts thereof as they become due, without reference to whether the work has been completed or not, and appellant admits this.    But when the work has been completed, conceding that an allegation that the work has been completed according to the plans and specifications is necessary, we think that the complaint fully complies with such requirement.    The complaint does aver: "That the work of the construction of said drain and levees has long since been completed and accepted by the county surveyor and this commissioner."    It is further averred that the contract was let to certain contractors, and that "such contractors fully completed the work of the construction of said drainage and levees so let to them."  While the complaint does not in direct terms aver that the work was completed according to the plans and specifications, yet, under a liberal construction, which we are required to give to the law under which the proceedings were had, we think the averment is sufficient.    The drainage commissioner and county surveyor are public officers, charged with a public duty; and it must be presumed, nothing to the contrary appearing, that they did their duty, and hence

would not have accepted the work, unless it had been done in conformity to the plans and specifications.

There is no merit in appellant's contention that the complaint does not aver that all the amount of benefits assessed against appellant's lands is needed to pay the expenses and costs of construction. The presumption is, in the absence of any contrary showing, that it is all necessary. It does clearly appear that some of it is at least necessary, and hence, if any sum is due, the complaint would be good as against a demurrer, upon this point. The only remaining alleged error assigned by appellant is the overruling of appellant's motion for a new trial. The first ground assigned for a new trial is that the decision of the court is not sustained by sufficient evidence. The learned counsel for appellant has been unable, in his brief, to convince us that the decision of the court is not sustained by sufficient evidence. Without a detailed discussion of the subject, we have carefully examined and considered the evidence, and we think we can safely say there is evidence in the record which fairly tends to sustain, and does in fact sustain the finding and judgment of the court on every material point, while there is an absolute dearth of evidence in conflict therewith.

The record contains all the proceedings, orders of court, report of commissioners, confirmation and approval of the assessments, notices, contracts, etc., and fully supports the judgment.

Other alleged errors are assigned, but they are waived by a failure to discuss them.

We find no error in the record, for which the judgment should be reversed.

Judgment affirmed.