## PERE MARQUETTE RAILROAD COMPANY OF INDIANA *v.* SMITH.

[No. 5,256.   Filed May 23, 1905.   Rehearing denied August 1,
1905.   Transfer denied November 1, 1905.]

1.   LIENS. — *Laborers'.* — *Railroads.*—*Subcontractors.*—*Employes
of.*—*Statutes.*—Under §7265 Burns 1901, Acts 1889, p. 257, §6,
giving a lien for labor performed "in pursuance of a contract
with any person, corporation or company engaged as lessee,
contractor, subcontractor, or agent" of a railroad company "in
the work of constructing or repairing" its road, a railroad com-
pany is liable for labor performed in the construction of its
road by an employe of a subcontractor in the second degree, the
authority for such labor emanating originally from such com-
pany.   p. 440.

2.   SAME.—*Laborers'.*—*Personal   Judgment.*—*Railroads.*—In   an
action to foreclose a laborer's lien against a railroad company
for labor performed in the construction of such company's road,
it is proper to render a personal judgment against such road,
where the evidence shows that such company has been running
work-trains over its road and the road is practically completed,
although such company had not actually used its road in the
business of a common carrier of freight or passengers.   p. 440.

From Laporte Superior Court; *H. B. Tuthill,* Judge.

Suit by Alvin Smith against the Pere Marquette Rail-
road Company of Indiana.   From a decree for plaintiff,
defendant appeals.   *Affirmed.*

*M. T. Krueger* and *J. F. Gallaher,* for appellant.

*C. R. & J. B. Collins,* for appellee.

ROBINSON, J.—Appellee sued to enforce a lien against
appellant's right of way and franchises for labor per-
formed by him in the construction of appellant's road.   Ap-
pellee was employed by a partnership known as the Tefft-
Ross Engineering Company, which partnership had a con-
tract under a corporation known as the McArthur Bros.
Company, which company was a subcontractor under the
Marquette Construction Company, which had a contract
with appellant for the entire work.   Appellee's complaint,

with which was filed a copy of the notice as an exhibit, was answered by general denial. A trial by the court resulted in a general finding in appellee's favor and the rendering of a personal judgment against appellant for the amount found to be due appellee.

It is argued under the error assigned on overruling the motion for a new trial that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The evidence shows that appellant let the contract for the work to the Marquette Construction Company, that this company sublet a portion of the work to McArthur

1. Bros. Company, and this company sublet a portion to the Tefft-Ross Engineering Company, and that appellee's claim is for work done in the employ of the last-named company. It is argued that, as the Tefft-Rose Engineering Company was neither a contractor, subcontractor, lessee nor agent of appellant, the evidence fails to establish appellee's right to a valid lien under §7265 Burns 1901, Acts 1889, p. 257, §6. This question was decided adversely to appellant in the case of *Pere Marquette R. Co.* v. *Baertz* (1905), *ante,* 408. Section 7265, *supra,* expressly gives a lien for work done "in pursuance of a contract with any person, corporation or company engaged as lessee, contractor, subcontractor, or agent of such railroad corporation in the work of constructing or repairing" its road. The work in this case was done in pursuance of an authority originally emanating from appellant, and we think clearly comes within the statute.

It is further insisted in argument that the court erred in rendering a personal judgment against appellant. Whether the general findings announced by the court con-

2. tain a statement broader than the evidence authorizes, is not so material. The question is whether the evidence is such as to authorize a personal judgment. The evidence shows that the work was done by appellee in the construction of the road; and in the stipulation filed by

the parties it appears that since the performance of the work appellant has been running work-trains over its road. While, technically speaking, the evidence does not show that appellant, at the time the judgment was rendered, was engaged in the business of a common carrier of freight and passengers, yet appellant's franchise, its right of way and land are essential to its existence and the execution of its corporate duty, and it seems that the same reasoning that permits a personal judgment in these cases against a road already engaged in the business of a common carrier must permit such a judgment against a road that is practically completed. We think the evidence brings the case within the reasoning in *Louisville, etc., R. Co.* v. *Boney* (1889), 117 Ind. 501. See, also, *Lake Erie, etc., R. Co.* v. *Bowker* (1894), 9 Ind. App. 428; *Louisville, etc., R. Co.* v. *State, ex rel.* (1890), 122 Ind. 443; *Pittsburgh, etc., R. Co.* v. *Hays* (1897), 17 Ind. App. 261; *Pere Marquette R. Co.* v. *Baertz, supra.*

Judgment affirmed.