## CAIN SCHOOL TOWNSHIP *v.* SNYDER.

[No. 10,315.   Filed April 2, 1920.]

1. MUNICIPAL CORPORATIONS.—*Construction of Sidewalks.*—*Statutes.*—By Acts 1913 p. 749, §9005a *et seq.* Burns 1914, an independent and simplified procedure was provided for the construction of sidewalks in towns.   p. 143.

2. MUNICIPAL CORPORATIONS.—*Sidewalk Construction.*—*Assessment of Cost.*—*Necessity.*—Where a town constructs a sidewalk under §9005a *et seq.* Burns 1914, Acts 1913 p. 749, formal assessment against abutting real estate is not essential.   p. 143.

3. MUNICIPAL CORPORATIONS. — *Sidewalk Construction.* — *Contractor's Suits to Foreclose Liens.*—*Pleading.*—In a suit by the contractor to foreclose a lien for the construction of a sidewalk under Acts 1913 p. 749, §9005a *et seq.* Burns 1914, it is not necessary that the record, or any part thereof, made by the town board relating to the improvement should be averred in or made an exhibit to the complaint.   p. 143.

4. MUNICIPAL CORPORATIONS.—*Schools and School Districts.*—*Sidewalk Construction.*—*Liens.*—*Statutes.*—A contractor, by constructing a sidewalk along real estate of a school township under §9005a *et seq.* Burns 1914, Acts 1913 p. 749, acquires a lien thereon for the contract price of the work, by virtue of the provisions of §6670 Burns 1914, Acts 1903 p. 334, making such

real estate subject to liens for public improvements except as to penalties and attorney's fees.   p. 144.

5. MUNICIPAL CORPORATIONS.—*Sidewalk Construction.—Liens.— Finality of.—Actions Upon.—Right of Contractor to Sue.*—The obligation to pay, and statutory lien in favor of, the contractor for the construction of a sidewalk under Acts 1913 p. 749, §9005a *et seq.* Burns 1914, were subject to controversy, adjustment and litigation, and the contractor had the right to sue to have the extent of his claim judicially determined and his lien declared and established.   p. 144.

6. APPEAL.—*Relief Granted.—Question Not Presented.—Schools and School Districts.*—In a suit to enforce a lien for sidewalk construction against a school township, the question whether the judgment went too far in directing the sale of the property is not presented on appeal by defendant which refused to plead after its demurrer to the complaint was overruled.   p. 144.

From Fountain Circuit Court, *I. E. Schoonover*, Judge.

Action by Dan Snyder against Cain School Township. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. T. Livengood*, for appellant.

*J. F. Davidson* and *O. S. Douglass*, for appellee.

Statement by DAUSMAN, J.:

On May 31, 1917, appellee instituted this action by filing the following complaint: "The defendant is a School Township in Fountain County.   On September 3, 1915, the Board of Trustees of the Town of Hillsboro adopted a resolution for the construction of a cement sidewalk on the west side of Murphy Street from Main Street to Boggs Street.   Notice of the adoption of the resolution was duly served on the trustee of the School Township on September 4, 1915.   The School Township then owned the following described real estate which abutted said improvement and which was liable to be assessed for the construction of said sidewalk, to-wit:   (Here follows the description of a tract contain-

ing 3.75 acres). The defendant failed to construct the proposed sidewalk within 20 days after notice. Thereafter the Town Board advertised for bids for the construction of the sidewalk, and the planitiff, being the lowest and best bidder, was awarded the contract therefor for the sum of $389.00. Thereupon the plaintiff entered into a written contract with said Town on November 17, 1915, to construct said sidewalk in accordance with said resolution, and filed his bond to the acceptance and approval of the Town Board. The plaintiff duly constructed said sidewalk in accordance with said contract, and the sidewalk was accepted and approved by the Town Board; but notwithstanding that more than 20 days have elapsed since the completion of the sidewalk the defendant has paid no part of the cost thereof. The entire length of said sidewalk abutting the real estate above described and abutting other real estate is 759 feet, and the length of the defendant's real estate abutting on said sidewalk is 396 feet; the price per foot for constructing the sidewalk is 51.2 cents; and by reason of the construction of said sidewalk said School Township owes plaintiff $202.75.

"Wherefore, plaintiff demands judgment for the foreclosure of his lien on said real estate for $425.00, and for all other proper relief."

Appellant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. In the memorandum accompanying the demurrer seven reasons are specified why the complaint is insufficient, all of which are waived except two, viz.: (4) There was no statute in force at the time the complaint was filed which provided for the foreclosure of a street lien against a school corporation; and (7) no copy of the assessment is filed as an exhibit, and there is no allegation that an assessment was made against the real estate by the board of trustees of said

town. The demurrer was overruled and appellant refused to plead. The court heard evidence and found for appellee in the sum of $202.75 and that he was entitled to foreclose his lien on the real estate described in his complaint. Thereupon the court adjudged and decreed that the lien be foreclosed, and that the real estate be sold by the sheriff for the payment of said sum so due the plaintiff.

The only alleged error presented is the overruling of the demurrer.

---

DAUSMAN, J., delivered the opinion of the court:

It is apparent that in the matter of the public improvement the trustees of the town of Hillsboro followed the procedure prescribed by the act approved March 15, 1913. Acts 1913 p. 749, §9005a Burns 1914. That act contains no reference to the general law for the government of cities and towns. Evidently the legislature intended that it should stand alone as an independent law and complete within itself. Its purpose was to provide a simplified procedure for the construction of sidewalks in towns. We are of the opinion that it was not essential that the town board should have made a formal assessment against the real estate abutting on the sidewalk, and that it was not necessary that the record, or any part thereof, made by the town board and relating to the improvement, should have been averred in the complaint or made an exhibit thereto. Section 4 of that act was amended, and §5 and §6 thereof were repealed in 1917. Acts 1917 p. 683. But, by virtue of a provision in the last-named act, the proceeding for the public improvement involved in the case at bar was not affected thereby in any manner whatsoever.

Was the contractor entitled to foreclose a lien on the real estate of the school township for the cost of con-

structing that portion of the sidewalk abutting thereon? In 1903 the legislature enacted a law to the effect that all common school corporations of this state shall be subject to the same duties and liabilities in respect to municipal assessments for the cost of public improvements affecting their real estate as private owners of real estate, and that the real estate of school corporations shall be subject to liens on account of public improvements the same as if it had been owned by a private citizen, excepting only as to penalties and attorney's fees. Acts 1903 p. 334, §6670 Burns 1914. This act and the act of 1913, above, must be read together. It is clear, therefore, that the facts averred in the complaint entitled the contractor to a lien on the real estate therein described to the extent provided by statute. Upon the completion of the work there existed by virtue of the statute an obligation on the school township to pay the contractor the contract price for constructing the sidewalk along its property, and the amount thereof became a lien on the property.

But the obligation and the statutory lien in favor of the contractor was not a finality. The matter was subject to litigation. Certain facts might be controverted and certain features were subject to adjustment. The contractor, therefore, had the right to invoke the aid of a court for the purpose of putting his rights beyond question by reducing his claim to a judgment. It was eminently proper that he should have his lien judicially declared and established, and the extent and amount thereof judicially determined. See *Louisville, etc., R. Co.* v. *State* (1890), 122 Ind. 443, 24 N. E. 350.

But counsel for appellant says that on the facts averred the contractor is not entitled to have the real estate of the school township sold, and that the judgment in that respect goes too far. See

*Lowe* v. *Board, etc.* (1884), 94 Ind. 553; *Edgerton* v.
*Huntington School Tp.* (1890), 126 Ind. 261, 26 N. E.
156.   That question is not properly presented in this
appeal, and we do not decide it.   Elliott, App. Proc.
§§330 to 335, inclusive.   If appellant had answered and
remained in the case to the end, the question might
have been duly presented.   However, we deem it advis-
able to suggest that, if so much of the judgment as
directs the sale of the property be void, notwithstanding
said act of 1917, then appellee may find a remedy for the
collection of his judgment by mandate to compel the
township trustee and members of the advisory board to
provide a fund for that purpose.   See *Louisville, etc.,
R. Co.* v. *Boney* (1889), 117 Ind. 501, 20 N. E. 432, 3 L.
R. A. 435.

Judgment affirmed.