THE PERU AND INDIANAPOLIS RAILROAD CO. *v.* HANNA ET AL.

CITIES.—*Street Assessments.*—*Railroad.*—The track of a railroad, which borders on a street is properly assessable for its due proportion of the cost of improvement of such street under an ordinance of the city.

The Peru and Indianapolis Railroad Co. v. Hanna et al.

SAME.—*Lien of Assessment.*—*Description in Estimate.*—*Surveying.*—A lien for street improvements attaches only where there is a sufficient description of the property in the estimate which constitutes the assessment ; and where the description in the estimate made by the engineer, taken in connection with the ordinance providing for the improvement and the contract awarded under such ordinance, is such as would enable a person somewhat acquainted with surveying to find and identify the land, it is sufficient to create the statutory lien.

From the Marion Superior Court.

*C. Baker*, *T. A. Hendricks*, *O. B. Hord* and *A. W. Hendricks*, for appellant.

*B. K. Elliott* and *A. C. Ayres*, for appellees.

SCOTT, J.—This case was commenced under sections 386 and 387 of the code, 2 R. S. 1876, pp. 190, 191, and presented to the court below on the following agreed statement of facts, with proper verification as required by section 387 :

"First. It is agreed that the real estate included in the plat of the Peru and Indianapolis Railroad Company's subdivision of parts of out blocks 43 and 44 of Indianapolis, as said plat is recorded in plat book No. 1, on page 41, in the recorder's office of Marion county, Indiana, was conveyed to the president and directors of the Peru and Indianapolis Railroad Company, on the 7th day of September, 1849, in fee-simple, whereby the said company became and was vested with the fee-simple of said real estate, and immediately after such conveyance, and before the making of said plat, the president and directors of the Peru and Indianapolis Railroad Company erected, built and constructed the track of its railroad through, upon and over the said real estate, in the place and position where it now is, and where it has ever since been used as a railroad track.

"Second. That after the construction of said railroad track by said company, as aforesaid, and on the 4th day of April, 1850, the said company made and acknowledged said plat, and that the same was duly recorded in said re-

corder's office aforesaid, on the 24th day of April, A. D. 1850, a copy of the record of said plat being filed herewith and made a part of this agreement, and being marked 'Exhibit A,' which copy shows the position of Peru street, as laid out through said real estate, and its relation to said railroad track, said railroad track being twenty feet wide at all points through said real estate embraced by said plat, and said Peru street being sixty feet wide, exclusive of said railroad track, and adjoining and parallel with said railroad track through the entire plat, as shown by said 'Exhibit A.'

"Third. That all the territory within said plat was, prior to the 13th day of April, 1874, and still is, within the corporate limits of the city of Indianapolis.

"Fourth. That, on the day last named, the common council of said city duly passed, by the requisite number of votes necessary for that purpose, an ordinance for the improvement of Peru street, as it passes through said subdivision or plat from Charles street to Massachusetts avenue, Charles street and Massachusetts avenue both being represented on said 'Exhibit A,' which ordinance was duly published as required by the city charter, and took effect and was in force on the 20th day of August, 1874, a certified copy of which ordinance is herewith filed and made a part of this agreement, the same being marked 'Exhibit B.'

"Fifth. That the letting the work required to be [done] by said ordinance was duly advertised and published, as required by the ordinances and charters of said city, and the contract to do and perform said work was duly awarded by the common council of said city to the defendant George W. Seibert, on the terms mentioned in his contract with said city, a copy of which contract, with a copy of the bond of said Seibert, and his surety, John L. Hanna, for its performance, is herewith filed and made a part of this agreement, the same being marked 'Exhibit C.'

"Sixth. That the work required to be done by said ordi-

nance was done and performed by said Seibert according to the terms and requirements of said contract.

"Seventh. That afterward, on the 16th day of November, 1874, James W. Brown, who was then civil engineer of and for said city, as such engineer, made and reported to the common council of said city a first and final estimate of said work so done under said ordinance and contract, which estimate was, on the same day, duly adopted and approved by the common council of said city, a certified copy of which estimate, as so made, reported and adopted and approved, is herewith filed and made a part of this agreement, the same being marked 'Exhibit D.'

" Eighth. It is also agreed that the said Seibert's claim for said work under said ordinance, contract, estimate and other proceedings, so far as any unpaid claim exists, has been duly assigned by said Seibert to the plaintiff John L. Hanna.

" Ninth. The said Hanna, as such assignee, claims that said estimate was and is a lien upon the strip of ground twenty feet wide, extending from Charles street to Massachusetts avenue, and owned and used by the defendant, The Peru and Indianapolis Railroad Company, as and for its railroad track, prior to and ever since the passage of said ordinance; whereas the said railroad company denies the existence of any such lien. If the court shall, upon the facts set forth in this agreement, and the exhibits filed with and made a part thereof, be of opinion that said estimate became and was a lien in favor of said security, on said strip of ground twenty feet wide, so owned by said railroad company, and used as and for its railroad track as aforesaid, then judgment shall be rendered in favor of the plaintiff, and against the said railroad company, for two hundred and sixty-three dollars and forty cents ($263.40), together with costs. If, however, the court shall be of opinion that no such lien was acquired or existed, then judgment shall be rendered for said railroad company, and against the plaintiff, for costs."

The Peru and Indianapolis Railroad Co. *v.* Hanna *et al.*

"Exhibit A" is a copy of the plat of part of out-lots 43 and 44, showing the position of Peru street as laid out through said real estate, and referred to in the second paragraph of the agreement of facts. "Exhibit B" is the ordinance "To provide for the grading and gravelling of Peru avenue and sidewalks from Charles street to Massachusetts avenue." "Exhibit C" is the contract with Seibert, and his bond with Hanna as surety.

As no question is made as to the validity of the ordinance, it is unnecessary to set the same out in this opinion. No question is made as to the validity of the contract, and therefore it need not be set out.

"EXHIBIT D."

"INDIANAPOLIS, Nov. 16th, 1874.

"Last and final estimate allowed Geo. W. Seibert for grading and gravelling Peru Avenue and east sidewalk, made at 90 cents per lineal foot front on the east side, and at 60 cents per lineal foot front on the west side:

| OWNER'S NAME. | DESCRIPTION. | No. of Lot. | No. of O.L. | No. of Feet | No. of In's. | Ass'mt. $ | Cts. |
|---|---|---|---|---|---|---|---|
| W. Schmidt's heirs.. .......... | J. B. Stumph's sub. | 3 | 44 | 59 | 06 | 53 | 55 |
| Charles Schildmeir. ......... | " " " " | 2 | 44 | 36 | ...... | 32 | 40 |
| Henry Geisel. ...... .. ..... | }36 ft. s. s.{ ... ..... 19 ft. n. s...... ......... | 2 | 44 | 19 | ...... | 17 | 10 |
| George Stumph.... ...... ...... | .......... .......... ......... | ...... | ....... | ...... | ...... | .. | ......... |
| W. J. Powers.... ......... ...... | ......... ....... ......... | ...... | ..... | ...... | ...... | .. | ......... |
| E. Weilman.. ....... ......... | ......... ......... ......... | ...... | ..... | ...... | ..... | .. | ......... |
| J. B Stumph... ......... ...... | ......... ......... ...... | ...... | ....... | ...... | ..... | .. | ...... .. |
| G. F. Adams. .. ............. ...... | ......... ......... ......... | ...... | ...... | ...... | ...... | .. | ......... |
| " " " .......... ......... | ......... .. .... ......... | ...... | ....... | ...... | ...... | .. | ......... |
| Ezra Munsell......... ..... .. | ......... ......... ......... | ...... | ...... | ...... | ..... | .. | ......... |
| " ' " | ......... ......... ........ | ...... | ....... | ...... | ...... | .. | ......... |
| Rosanna Munsell.... .......... | ......... ......... ........ | ...... | ....... | ...... | ...... | .. | ......... |
| " " | ......... ....... ......... | ...... | ...... | ...... | ...... | .. | ... |
| Peru and Ind'polis R.R.Co. | Middle pt. n. side | ...... | 44 | 77 | paid | 69 | 30 |
| " " " " " | 20x439 E. line O. L. 43 W. line........... | | 44 | 439 | ...... | 263 | 40 |
| Sarah Butler ... . ......... | ......... ......... ......... | ..... | 43 | 150 | ...... | 90 | 00 |
| City of Indianapolis ....... | ......... ......... ......... | ..... | ...... | 130 | ..... | 117 | 00 |
| " " " ....... | ......... ........ ......... | ..... | ...... | 20 | ...... | 12 | 00 |

The ordinance was for grading and gravelling Peru avenue and sidewalks, from Charles street to Massachusetts avenue. The contract, " Exhibit C," is for the performance of the work named in the ordinance.

The superior court in special term, upon the agreed statement of facts, found for the plaintiff, the appellee in this court, and pronounced judgment for the sum of two hundred and sixty-three dollars and forty cents. The appellant excepted to the finding and judgment of the special term, and appealed to the general term.

The errors assigned in the general term were :

1. The court erred in its finding ;

2. The court erred in overruling the appellant's motion for a new trial ;

3. The court erred in rendering final judgment upon its finding.

The error assigned in this court is that the superior court in general term affirmed the judgment of the special term, when the judgment should have been reversed.

The overruling of the motion for a new trial raised no question in the general term, nor does it raise any question in this court, nor is any question made by counsel thereon.

The first point made by appellant's counsel is, that the strip of ground in controversy is not assessable for street improvements, because the railroad track is itself a public highway. We can not concur in this view, but are of opinion that the track of a railroad company, when it borders on a street, is properly assessable for its due proportion of the cost of the improvement of such street under an ordinance of the city. *The City of Chicago* v. *Baer*, 41 Ill. 306 ; *The Northern Indiana R. R. Co.* v. *Connelly*, 10 Ohio State, 159 ; *The Burlington, etc., R. R. Co.* v. *Spearman*, 12 Iowa, 112.

· · The next point made by the counsel for the appellant is, that, " If ever the property was assessable, there was no lien, because there was no valid description of the property in the estimate.

· " The estimate constitutes the assessment; the assessment, when valid, creates the lien. There can be no lien in the absence of an assessment, and no assessment without a sufficient description of the property assessed." Langsdale v. Nicklaus, 38 Ind. 289; Jones v. Schulmeyer, 39 Ind. 119.

If it be conceded that there was in the estimate no description of the land by which it could be found and identified, the propositions laid down by the appellant's counsel would seem to be conclusive. That is certain which can be made certain. The description in the estimate made by the engineer, taken in connection with the ordinance and contract, we think, is such as would enable a person somewhat acquainted with surveying to find and identify the land, and such a description in the estimate, we think, is sufficient to create the lien made by statute.

We know from the estimate that the land is on Peru avenue; that its length is 439 feet and width 20 feet; that the amount of assessment is two hundred and sixty-three dollars and forty cents; that the property on the west side of Peru avenue was assessed at sixty cents per lineal foot front, and on the east side at ninety cents per foot front; that 439 feet at sixty cents per foot amounts to the sum of two hundred and sixty-three dollars and forty cents; and, hence, we know that the land is on the west side of Peru avenue; and, by reference to the ordinance and contract, we know the land is between Charles street and Massachusetts avenue, in the city of Indianapolis, Marion county, and State of Indiana; and, with this information, we think we would have no difficulty in finding and identifying the land.

We are of opinion that the description was sufficient to create the lien. *Yeakel* v. *The City of Lafayette*, 48 Ind. 116.

The judgment of the general term of the Marion Superior Court is affirmed, at the costs of the appellant.