## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HAYS ET AL.

[No. 1,762.   Filed June 11, 1896.   Rehearing denied December 30, 1896.   Motion to vacate judgment overruled March 18, 1897.]

JUDICIAL NOTICE.—*As to Use of Railroad Right of Way.*—The Appellate Court knows judicially that the right of way of railway companies is frequently used for other purposes than that of simply operating trains thereon. *p. 264.*

HIGHWAYS.—*Railroad Right of Way May be Assessed for Improvement Of.*—The right of way of a railway company may be assessed for the improvement of highways. *p. 265.*

JUDGMENT.—*Railroads.*—*Lien for Improvement of Highway.*—*Personal Judgment May be Rendered.*—A personal judgment may be rendered against a railway company in an action to foreclose a lien for the improvement of a public highway. *pp. 265, 283.*

MUNICIPAL CORPORATIONS.— *Improvement of Street. — Preliminary*

Pittsburgh, etc., Railway Company v. Hays et al.

*Order.*—The preliminary order by resolution declaring a necessity for the improvement of a street, as provided by section 4289, Burns' R. S. 1894, is not essential to the jurisdiction of the town board. *pp. 265, 266.*

SAME.—*Public Improvements.— Irregularity of Proceedings.*—Where the whole matter of making local improvements is conferred upon municipal corporations, and exclusive and original jurisdiction over the same is given them for that purpose the proceeding will not be void if there has been an attempt to comply with the statutory requirements, although such attempt does not amount to a strict compliance. An irregularity that will overthrow the proceedings must be such as will prevent the execution of the judgment. *p. 267.*

APPELLATE COURT.—*Jurisdiction Of.*—The Appellate Court has the right to construe and apply the constitution. It is only when the validity of the statute is involved that jurisdiction is denied. *p. 268.*

STATUTORY CONSTRUCTION.—*Improvement of Street Adjoining Railroad Right of Way.*—*Constitutional Law.*—The contention of a railroad company that its right of way would not be benefited by the improvement of an adjoining highway, and that to charge the costs thereof upon the right of way would be taking property without due process of law, goes to the construction and application of the statute and not to its constitutionality. *pp. 268, 282.*

APPELLATE COURT.—*Jurisdiction Of.— Validity of Ordinances.*—An objection to an ordinance which goes only to matters of form or to irregularities in the proceedings of municipal authorities is a question that may properly be passed upon by the Appellate Court. *pp. 269, 270.*

MUNICIPAL CORPORATIONS.—*The Use of the Word "Street" in an Ordinance.*—The use of the word "street" in an ordinance passed by a town board, providing for a certain improvement, sufficiently indicates that it was not an ordinary public highway which was being improved, but a highway within the town. *pp. 270, 271.*

APPELLATE COURT.—*Jurisdiction Of.*—Where a case appealed to the Appellate Court is found to be within the jurisdiction of the Supreme Court, by reason of the fact that a constitutional question is involved therein, the Appellate Court has no authority except to cause it to be duly certified to the Supreme Court, and if, instead of doing so, this court should proceed to determine the cause and should affirm or reverse the judgment of the court below, the judgment of this court would be void. *p. 280.*

SAME.—*Power of to Review Cause After Judgment is Certified to Trial Court.*—*Jurisdiction.*— Where a cause has been appealed to the Appellate Court and the judgment affirmed, and a petition for

Pittsburgh, etc., Railway Company *v.* Hays *et al.*

a rehearing filed and overruled, and the judgment of the Appellate Court certified to the trial court, the Appellate Court may again take the matter up, and look, not only to the opinion delivered at the original hearing, but also to the transcript of the record, and the briefs upon the original hearing, to ascertain whether the constitutionality of a statute was in question and such question duly presented on the original hearing. *p. 281.*

From the Jay Circuit Court. *Affirmed.*

*N. O. Ross, J. J. M. LaFollette* and *O. H. Adair,* for appellant.

*C. Corwin* and *J. M. Smith,* for appellees.

Lotz, J.—This action was brought by the appellees against the appellant to declare a lien and enforce the collection of an assessment for the improvement of a street within the incorporated town of Dunkirk. The improvement was made in pursuance of a resolution and an ordinance adopted by the board of trustees.

The north side of the street improved for its entire length, abuts upon the south side of the appellant's right of way. The improvement was made by grading and graveling the center of roadway its entire length, and by constructing a sidewalk along the entire south side of the street with no sidewalk on the north side next to the right of way. The contract for such improvement was let to the appellees. The work was done and the costs thereof were estimated and assessed by the running foot including both street and sidewalk and the appellant as the owner of the right of way was charged with one-half thereof.

In the circuit court there was a trial and finding in favor of the appellees in the sum of $1,460.00, and the same decreed to be a lien upon the right of way; and the appellant was ordered and directed to pay the same within ninety days. The appellant insists that the judgment rendered is erroneous because the stat-

ute under which the proceedings were had does not contemplate that the right of way of a railroad should be assessed to make such improvements; that such assessments can only be upheld upon the theory that the land receives a benefit equal to the assessment; that in its very nature the right of way abutting can not receive a specific benefit, and that without such benefit there is no constitutional warrant to seek payment elsewhere, for it would be taking property without compensation.

There are authorities which support appellant's contention. *City of Philadelphia* v. *Philadelphia, etc., R. R. Co.*, 33 Pa. St. 41; *The Junction R. R. Co.* v. *City of Philadelphia*, 88 Pa. St. 428; *Detroit, etc., R. W. Co.* v. *City of Grand Rapids*, 28 L. R. A. 793; 63 N. W. 1007; *Chicago, etc., R. W. Co.* v. *City of Milwaukee*, 28 L. R. A. 249, 62 N. W. 417; *Allegheny City* v. *Western Pa. R. R. Co.* 138 Pa. St. 375, 21 Atl. 763; *Sweaney* v. *Kansas City R. W. Co.*, 54 Mo. App. 265.

On the other hand there are cases which seemingly support a contrary doctrine. *Chicago, etc., R. W. Co.* v. *Chicago*, 90 Ill. 573; *City of Chicago* v. *Baer*, 41 Ill. 306; *Chicago, etc., R. R. Co.* v. *City of Moline*, 41 N. E. 877; *Northern, etc., R. W. Co.* v. *Connelly*, 158 Ill. 64, 10 Ohio St. 159; *Burlington, etc., R. R. Co.* v. *Spearmen*, 11 Ia. 112; *In re. North Beach, etc., R. R. Co.*, 32 Cal. 499.

The court knows judicially that the right of way of railway companies is frequently used for other purposes than that of simply operating their trains thereon. The right of way is frequently used for depot purposes; for track yards, and for purposes of loading and unloading freight and for storing cars and materials. When so used, a public highway affords the company ready means of ingress thereto and egress

therefrom for the transaction of its business, and is a direct benefit to that portion abutting thereon. This court cannot say as a matter of law that the highway improvement was not a benefit to the abutting right of way. The legislature in authorizing the construction of such improvements has assumed that they will benefit the abutting property and has directed that the costs shall be estimated according to the whole length of the street or alley or the part thereof to be improved, per running foot. Section 4290, Burns' R. S. 1894.

Whatever the rule may be elsewhere it is settled in this State that the right of way of a railway company may be assessed for the improvement of highways. *Peru, etc., R. R. Co.* v. *Hanna*, 68 Ind. 562.

This court in the case of *Lake Erie, etc., R. W. Co.* v. *Bowker*, 9 Ind. App. 428, impliedly held that the right of way and depot lot of a railway company could be assessed for the construction of a sewer.

A public highway is certainly of as much benefit to the right of way as a sewer.

It is further insisted that no personal judgment can be rendered in this proceeding. This contention has been decided adversely to the appellant by this court and by the Supreme Court, and it needs no further consideration now. See *Louisville, etc., R. W. Co.* v. *State, ex rel.*, 8 Ind. App. 377; *Lake Erie, etc., R. W. C.* v. *Bowker, supra; Louisville, etc., R. W. Co.* v. *State*, 122 Ind. 443.

Several other objections are made to the proceedings of the town board. It is insisted that the board never made any order by resolution or otherwise declaring a necessity for such improvement as provided by section 4289, Burns' R. S. 1894. The existence of such order it is claimed is essential to the jurisdiction

of the board, and that without it the whole proceedings are void.

The statute requires the board to "declare by resolution the necessity therefor." In this case the board passed a declaratory resolution for the proposed improvement, and gave notice thereof. This resolution in general terms described the improvement and the streets upon which it should be made, and directed that notice thereof be given by publication, and that the board of trustees would meet at a certain place and time "for the purpose of hearing any objections that may be urged to the necessity of said improvement by any owner of property along the line of said proposed improvement." Afterwards the board duly enacted an ordinance for the making of such improvement; but this ordinance nowhere declares the necessity for such improvement.

In *Barber, etc., Paving Co.* v. *Edgerton,* 125 Ind. 455, the Supreme Court in speaking of such resolution said, "It is a mere preliminary step, looking to a public improvement, to be made or not, as the common council in its discretion may determine, from which it may recede at any time before the contract for the improvement is concluded."

In the case before us the board had jurisdiction over the general subject of the improvement of streets by force of the statute. It acquired jurisdiction over the particular subject-matter by the declaratory resolution and the notice thereof. It acquired jurisdiction over the person of appellant by virtue of the notice. The town board was the exclusive judge of the necessity of the improvement and when it proceeded to act and ordered the improvement made, such order necessarily involved a determination of the necessity of the work. The declaratory resolution we construe as an attempt to comply with the statute.

It is also insisted that the proceedings are invalid because the entire work of graveling the street and making the sidewalk on the side most distant from the railroad was let in one contract at so much per running foot, without division as between the property owners on each side of the street.

On the trial of the cause the court deducted the cost of the sidewalk from the cost of the street and charged the appellant with the costs of the street only. The course adopted by the board was irregular, but it did not invalidate the whole assessment. *Lake Erie, etc., R. W. Co.* v. *Walters,* 13 Ind. App. 275.

It has been often held that where the whole matter of making local improvements is conferred upon municipal corporations, and exclusive and original jurisdiction over the same is given them for that purpose, the proceeding will not be void if there has been an honest attempt to comply with the statutory requirements, although such attempt does not amount to a strict compliance. If the corporation has jurisdiction over the subject and the person, an irregularity that will overthrow the proceedings must be of that grave character that will prevent the execution of the judgment. *Barber, etc., Paving Co.* v. *Edgerton, supra,* p. 463, and cases cited.

The appellant also insists that the proceedings are invalid because the declaratory resolution does not state the kind, size and location of the improvement; and that the final estimate and description of the property does not comply with the requirements of the statute. There was, however, a substantial compliance with the statute in each of these particulars. These objections are but irregularities, and under the rule above announced do not invalidate the proceedings. A correct description of the property was made in the final judgment.

Judgment affirmed.

Ross, J., did not participate in the decision of this case.

ON PETITION FOR REHEARING.

LOTZ, C. J.—The appellant in its petition for a re-hearing earnestly insists that the statute authorizing the assessment of its right of way is unconstitutional; that for this reason this court had no jurisdiction, and that the cause should have been transferred to the Supreme Court as directed by the statute.

It is true that on the former hearing appellant's counsel asked that the cause be transferred to the Supreme Court, with the suggestion that the case of Peru, etc., R. R. Co. v. Hanna, 68 Ind. 562, be overruled; but we did not understand that the transfer was asked for on the ground that the statute was unconstitutional.

It will not be seriously contended that a statute which places or imposes the costs of the improvement of a street on the abutting property is unconstitutional. If we understood appellant's contention it was that its right of way could not be benefited by the improvement, and that to charge the costs thereof upon the right of way, would be taking property without due process of law. This contention goes to the construction and application of the statute, not to its constitutionality. This court has the right to construe and apply the constitution. It is only when the validity of a statute is involved that jurisdiction is denied it.

In our former opinion we held that the right of way of a railway company may be benefited by a street improvement. We know of no good reason for changing our holding in this respect. If the appellant's property was benefited by the improvement then it was

properly assessed.  If it was not benefited then it should not have been assessed.  The contention about benefits or no benefits does not involve the constitutionality of the statute.

It is also true, as appellant quotes, that in our former opinion in stating the contention of counsel, we used the expression that without a benefit to the abutting property there is no constitutional warrant to seek payment elsewhere, for it would be taking property without compensation.  This expression does not imply that the constitutionality of the statute was involved.  It was used in connection with the contention that no personal judgment could be rendered.  It is the process or method of enforcing payment by the court that is questioned, not the constitutionality of the statute.

It is also insisted that this court has no jurisdiction because the validity of an ordinance of a municipal corporation is necessarily involved in the controversy.

On the former hearing the appellant did not question the jurisdiction of this court on this ground.  It is true that the validity of the ordinance was questioned, but the objections went to matters of form and to irregularities in the proceedings rather than to matters of substance.

By section 6562a, Horner's R. S. 1896, it is provided that this court "shall not have jurisdiction of any case where the constitutionality of a statute, federal or state, or the validity of an ordinance of a municipal corporation is in question and such question is duly presented."

The manifest purpose of the statute is to reserve certain grave and important questions to the determination of the Supreme Court.  If an ordinance of a municipal corporation is questioned because it is unconstitutional or in conflict with the statutes or is un-

reasonable, these are questions which concern the public, and it was the legislative intent to reserve them for the determination of the Supreme Court. But an objection to an ordinance which goes only to matters of form or to irregularities in the proceedings of the municipal authorities is not a question of that grave character and dignity that affects the public, and may properly be passed upon by this court. Accordingly, this court has on former occasions exercised this power, and determined the validity of ordinances when so assailed. *City of Hammond* v. *New York, etc., R. W. Co.*, 5 Ind. App. 526; *Dugger* v. *Hicks*, 11 Ind. App. 374; *New Albany, etc., Coke Co.* v. *Crumbo*, 10 Ind. App. 360.

It is lastly contended that there is nothing in the complaint, proceedings of the town board, or the findings of the court to show that the appellant's right of way, sought to be made liable, is within the corporate limits of the town of Dunkirk, and that, therefore, there was no authority to assess it with the costs of construction.

The declaratory resolution and the notice thereof, and the notice to contractors and the contract itself, each states that the streets and sidewalks to be improved were in the town of Dunkirk, Indiana.

It is true that neither the ordinance nor the judgment, in direct terms states that the improvement was within the corporate limits, but it does appear that the appellant's tract or parcel of land abutted upon Railroad street. Originally, the word street meant a paved way or road. All streets are highways, but not all highways are streets. The statutes of this State make a clear distinction between common roads or highways and the streets of cities and towns. *Debolt* v. *Carter*, 31 Ind. 355, 369; *State* v. *Moriarty*, 74 Ind.

103. "A street is a road or public way in a city, town or village." Elliott, Roads and Streets, p. 12.

The use of the word, street, indicates that it was not an ordinary public highway which was being improved, but a highway within the town.

The ordinance was passed by the town board in the exercise of the statutory authority to make local improvements by special assessments on abutting property. A municipal ordinance is a local law, and the same rules govern in its construction as apply to general statutes. The presumption is in favor of the regularity and validity of official acts. "*Prima facie,* every statute is confined in its operation to the persons, property, rights, or contracts, which are within the territorial jurisdiction of the legislature which enacted it. . The presumption is always against any intention to attempt giving to the act an exterritorial operation and effect." Black Interp. of Laws, p. 91; Endlich Interp. of Statutes, section 171; *Stanton* v. *City of Chicago,* 154 Ill. 23, 39 N. E. 987. The case last cited is very similar to the case at bar on this point, and is directly opposed to appellant's contention. See also *Stockwell* v. *State, ex rel.,* 101 Ind. 1.

The petition is overruled.

## ON MOTION TO VACATE JUDGMENT.

BLACK, J.—An appeal was brought to this court by the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, from a judgment rendered against it in the Jay Circuit Court in favor of John Hays and John Reese. The transcript was filed in the office of the clerk of this court, and an assignment of errors was entered thereon, on the 1st of June, 1895. On the 11th of June, 1896, a judgment of affirmance was rendered, the opinion of the court being delivered by Lotz, J. At the

same term of this court, on the 18th day of July, 1896, the appellant in said cause filed its petition for a rehearing, which was carried over into the present term, and, on the 30th of December, 1896, was overruled, an opinion thereon being rendered per Lotz, J.

On the 7th of January, 1897, the attorney for the appellant in that cause filed in this court his petition entitled as in said cause. Omitting the caption and the signature of the attorney, said petition is as follows: "The appellant asks the court to withdraw its opinions heretofore rendered and filed in the above entitled cause, and transfer the same to the Supreme Court, for the reason that the constitutionality of the act under which the appellees recovered the judgment appealed from was duly presented in said cause and argued before this court; for which reason this court had no jurisdiction to decide said cause, and it was its duty to transfer said cause to the Supreme Court of Indiana, which it has neglected to do; and that for want of jurisdiction its decision in said cause is void. This application is made in order, if possible, to obviate the necessity of a writ of mandate from the Supreme Court requiring this court to transfer said cause to that court. All of which is respectfully submitted."

With this petition the attorney who signed it filed a paper endorsed as a brief, in which, in support of the motion, "the court is referred to the briefs on file in this cause, and particularly to the motion for a rehearing and the brief in support thereof." This brief is upon a single page. No argument is offered and no authorities are mentioned.

It is provided by statute, section 674, Burns' R. S. 1894 (662, Horner's R. S. 1896), that at any time within sixty days after any cause is determined in the Supreme Court, either party may file a petition for a re-

hearing; if not so filed, the decision and instructions of the Supreme Court shall be certified to the court below, unless otherwise ordered by the court.

It is also provided, section 1351, Burns' R. S. 1894 (6575, Horner's R. S. 1896), that a rehearing may be prayed in any cause in this, the Appellate Court, within the time allowed therefor by the Supreme Court, and may be granted for sufficient cause, and the judgment of the Appellate Court shall not be certified to the court below until after the expiration of the time allowed for the petition for a rehearing, unless such rehearing be waived in writing.

A petition for a rehearing must be filed within sixty days after the cause is determined. When that period has expired after judgment of affirmance or reversal, the statutory right of a party to petition for a rehearing is gone.

The present application cannot be regarded as a petition for a rehearing. The railroad company has exhausted its statutory right.

To accomplish the end sought by the petitioner in the present application, that is, the transfer of the cause to the Supreme Court, it would be necessary to set aside the judgment of affirmance rendered in said cause, and thereby to make it a cause pending in this court.

Among the statutory provisions relating to this court are the following: "In any case wherein an appeal has been taken from a lower court to the Appellate Court, and the same should have been taken to the Supreme Court, it shall be the duty of the Appellate Court on its own motion to cause such case to be transferred to the Supreme Court.  *  *  *  That in any case pending in the Appellate Court, in which said Appellate Court shall conclude that any decision of

the Supreme Court should be overruled or modified, it shall be their duty to transfer said cause, with their opinion of what the law should be held to be, to the Supreme Court, and the Supreme Court shall thereupon have jurisdiction of and decide the entire case." Section 1362, Burns' R. S. 1894 (6586, Horner's R. S. 1896).

"The appellate court shall not have jurisdiction of any case where the constitutionality of a statute, federal or state, or the validity of an ordinance of a municipal corporation is in question and such question is duly presented." Section 1336, Burns' R. S. 1894 (6562a, Horner's R. S. 1896).

The same section provides for the certification of such a case to the Supreme Court.

The appellant in said cause, having exercised its statutory right to ask a rehearing, and a rehearing having been denied, now, by the present application, seeks to have the judgment rendered by this court at a former term set aside as void, because of alleged want of jurisdiction of the subject-matter.

It is said in the petition before us that the decision was void, and the petitioner seems to proceed upon the theory that if we do not decide in his favor upon this application our decision will be void. That is, he first invokes the action of this court in the setting aside of its judgment as void, before seeking the intervention of the Supreme Court by mandate. .

This proceeding, it is hardly necessary to say, is not one invoking the power of this court to make its record show, now for then, what was done, so that the record may conform to the truth. Nor are we asked to render a different final judgment in the cause; but we are asked, in effect, to declare the judgment void and to recall the certification of the judgment of af-

firmance to the court below, and then, the cause being *in fieri*, to transfer it to the Supreme Court.

Mr. Freeman, in speaking of the common law power of courts to vacate judgments, says: "One rule is, however, undoubted. It is, that the power of a court over its judgments, during the entire term at which they are rendered, is unlimited." Freeman Judgments, section 90. See, *People* v. *Zane*, 105 Ill. 662; *Ex parte Lange*, 18 Wall. 163.

"All judgments regularly entered must be final at the end of the term. After that time the courts which entered them have no power to set them aside, unless some proceeding for that object has been commenced within the term and has been continued for hearing, or otherwise remains undisposed of. In those cases in which the court afterward interferes to vacate or annul a judgment, the interference can only be justified on the ground that the judgment was procured in such a manner as to indicate that it was not intended to be authorized by the court, or if authorized by the court, that it is nugatory for want of jurisdiction over the parties. * * * The want of power to vacate judgments after the lapse of the term at which they were regularly entered exists in the appellate as well as in the subordinate courts." Freeman Judgments, section 96.

Power to set aside a judgment as void has frequently been exercised on application made at a term subsequent to that at which the judgment was rendered.

In *Ex parte Crenshaw*, 15 Pet. 119, the Supreme Court of the United States declared its decree of reversal pronounced at the preceeding term null and void and revoked its mandate to the lower court, because the appellee Crenshaw, who had not appeared to the appeal, was not cited to appear as required by the

statute, the decree so declared void having been rendered under the belief that the citation had been issued and served.

It was said, per Taney, C. J.: "A motion has been made, at the present term, on behalf of Crenshaw, to set aside and annul the judgment and decree of this court; and also to dismiss the appeal. As there is no case now pending here, between these parties, there is nothing upon which an order to dismiss would operate. But upon the facts above stated, it is very clear, that the case was not legally before us at the last term; and the decree then pronounced must, therefore, be declared null and void, and the mandate directed to the circuit court must be revoked."

In *Pettus* v. *McClannahan,* 52 Ala. 55, it was said: "If a judgment or decree is not void for want of jurisdiction, the court rendering it, whether it is a court of superior or inferior, of general or limited jurisdiction, has no power, at a term subsequent to its rendition, to vacate or alter it. The correction of clerical misprisions is the extent of the power the court can subsequently exercise.  *  *  *  When, however, a court has rendered a judgment or decree void on its face, a due regard to its own dignity, the protection of its own officers, and the preservation of the judgments it may rightfully render, demand that it should on a proper application vacate such judgment or decree at any time subsequent to its rendition. If fraud is not imputed, the invalidity of the judgment must be apparent on the face of the record, and must not depend on matter extrinsic to, or *dehors* the record, except in the event of the death of either party, on whom the judgment or decree is to operate, when it was rendered."

In *Donnell* v. *Hamilton,* 77 Ala. 610, the question being whether the Supreme Court of Alabama could set

aside its own judgment and decree after adjournment of the term at which it was rendered, it was said: "We think it cannot do so, unless the judgment or decree which is sought to be set aside is void on its face."

The terms of this court, like the terms of our Supreme Court, are six months in length. When a petition for a rehearing has been overruled, or when the period of sixty days has elapsed after the determination of a cause without the filing of a petition for a rehearing, the judgment is certified to the court below. When the judgment has been properly certified to the court below, this court has lost jurisdiction of it. *Parker* v. *State, ex rel.*, 133 Ind. 178.

The statute relating to petitions for rehearing in the Supreme Court, above mentioned, provides, that if a petition for a rehearing is not filed within sixty days "the decision and instructions of the Supreme Court shall be certified to the court below, *unless otherwise ordered by the court.*" The power of the court to recall its decision within the sixty days is thus recognized.

While the statute relating to this court does not contain such a provision, the court, in a number of instances, has exercised the power to set aside its judgment of affirmance or reversal and recall its opinion within the period of sixty days after judgment.

Whether this court retains the common law plenary authority to modify or set aside its decisions during the term, need not here be decided. The judgment we are now asked to set aside was rendered at the last term.

The Supreme Court of Indiana sustained a motion to set aside its judgment of reversal made at a preceding term, on the ground that the appellant had died before the appeal was taken, the Supreme Court having no notice of this fact when it decided the case. It was said: "This court never acquired any jurisdiction

of Taylor, he having died more than a year before the appeal was taken to this court, and the judgment in his favor would seem to have been void." *Taylor* v. *Elliott*, 52 Ind. 588.

The court said, also, that there is some conflict in the decisions upon the point whether a judgment in such case is void or voidable only; but that in either case it ought to be set aside and vacated on motion, as could have been done at common law by the writ of error *coram nobis*, whereby a judgment might be reversed in the court that rendered it for error in matter of fact only, and not in point of law, error of fact not being error of the judges, and reversing it not being the reversal of their own judgment, the writ not being intended to authorize any court to review or revise its own opinions. See also *Sanders* v. *State*, 85 Ind. 318; *Board, etc.,* v. *Brown*, 14 Ind. 191.

*State* v. *Waupaca County Bank*, 20 Wis. 672, was an application to the Supreme Court of Wisconsin to vacate its judgment, rendered more than three years before the time of the application, on the ground that the court had not jurisdiction to render the judgment. The court refused to grant the motion.

Cases in different jurisdictions were mentioned in which judgments were vacated after the term at which they were rendered, and it was said concerning them: "It is questionable whether the principle that underlies these and similar decisions goes farther than to warrant the vacating of judgments for want of jurisdiction after more than a year has elapsed from the time of their rendition in cases where the particular questions involved in the motion to vacate had not been considered by the court in rendering the judgment." Further discussing the matter, it was said: "If the court in this case erroneously decided that it had jurisdiction, it can no more vacate its judgment for

such error than for any other." It was finally said: "We hold that the decisions of this court on a question of its own jurisdiction, which it is competent to decide and which no other court has the power to review, are binding in whatever pertains to the action in which they are made, and the judgment therein valid and conclusive, however the court may decide the same question in other cases."

Stress was laid on the circumstances that the court was one of last resort, and the sole judge of its own jurisdiction, and that the question raised on the motion to vacate its judgment for want of jurisdiction was considered by the court, in the rendition of the judgment.

In Freeman on Judgments, section 98, it is said: "Where an appellate court has deliberately determined that it had jurisdiction over the subject-matter of an action, it will perhaps refuse, at a subsequent term, though convinced that its former conclusion was erroneous, to vacate its judgment for want of such jurisdiction." Citing State v. Waupaca Co. Bank, 20 Wis. 672. "Unless this exception be sustainable, we believe the decided preponderance of authority justifies, or rather requires, a court, on motion being made to vacate its judgment because it was without jurisdiction over the person or the subject-matter, to inquire whether such was the fact, and if so, to grant the relief sought."

It is further said, in the same section: "Judgment having been entered in an apparently legal manner, and the jurisdiction of the court not being retained by any motion or proceeding taken either during the term or within the time allowed by some statute, the court loses all control over the action and the parties thereto, and its subsequent interference to vacate its judgment can only be justified on the ground that the

judgment might be avoided in any collateral proceeding, and for that reason to permit it to stand unvacated may probably cause innocent parties to purchase titles based thereon, or to be otherwise deluded by it."

The jurisdiction of this court is wholly appellate, with the auxiliary jurisdiction needed for the proper exercise of appellate jurisdiction. It is a court of last resort in the causes in which it has jurisdiction, but its jurisdiction is defined by statute, and in any case where the constitutionality of a statute is in question and such question is duly presented it has not jurisdiction, though it be a cause in which it would have jurisdiction if such question were not so involved.

If a case brought to this court from a trial court be found to be thus within the jurisdiction of the Supreme Court, this court has no authority except to cause it to be duly certified to the Supreme Court, and if, instead of doing so, this court should proceed to determine the cause and should affirm or reverse the judgment of the court below, the judgment of this court would be void.

If it be properly shown to this court that it has rendered a judgment which is void, a proper concern for its own dignity, as well as a due regard for the rights of the parties and for the preservation of the reverence in which the law should be held by all men, should induce the court to set aside its invalid decision, if it can find a way to do so without departing from established rules of law.

The fact that the judges of this court as now constituted did not participate in the decision here in question, of which mention is made in the brief filed with the petition, or motion, can not affect the question one way or the other, as we regard it. The court is the same, and the same consideration should con-

Pittsburgh, etc., Railway Company v. Hays et al.

trol us as would properly have weight with our predecessors, ·if they still occupied the bench. Our authority in the premises certainly is not greater than would be their authority if they were yet in office.

After a cause has been decided by this court, the record and papers, including. the briefs of counsel, remain on file in the custody of the clerk.

In the brief upon the motion before us, reference is made, in support of the application, to the briefs, especially to the petition for a rehearing and the brief in support thereof.

It is a firmly established rule of this court, as it is also of the Supreme Court, that any question not presented in the briefs is regarded as waived. Another well established rule is, that no question is entitled to notice on petition for a rehearing which was not presented on the original hearing. These rules are so familiar that reference to authorities is not needed.

Therefore, we will not examine, judicially, the contents of the brief on petition for a rehearing.

We have concluded, however, that we may look, not only to the opinion delivered on the original hearing, but also to the transcript of the record and the briefs upon the original hearing, so remaining on the files of this court, to ascertain whether the constitutionality of a statute was in question, and such question duly presented on the original hearing.

It was an action to enforce the statutory lien of an assessment for the improvement of a street abutting for its entire length upon the right of way of the railroad company; and the amount for which judgment was rendered was $1,480.00

This court is, by the statute, given jurisdiction "in all cases for the foreclosure or enforcement of liens of purely statutory origin where the amount in contro-

versy does·not exceed the sum of thirty-five hundred dollars," section 1337, Burns' R. S. 1894.

Of course the mere fact that the defendant appeared and resisted the enforcement of the statutory lien did not cause the constitutionality of the statute under which the assessment was made to be in question and such question to be duly presented, so as to deprive this court of jurisdiction of the cause on appeal.

We do not observe any indication in the record of the court below, that the resistance was based upon an assertion of the unconstitutionality of the statute.

In the first brief for the appellant on the original hearing it is said: "Dunkirk, at the time this work was done, was an incorporated town. The proceedings were instituted by the board of trustees, without petition. Before considering the validity of the proceedings, the point is made that the statute does not contemplate making the right of way of a railroad company liable for such improvements. It is only on the theory that abutting property is enhanced in value, ·that the power to tax it can be given. The statute must be construed in the light of· the theory of its enactment. When its provisions are attempted to be applied to an interest in real estate that can in no sense be profited thereby in any instance, it becomes ·evident that the statute was not intended to include it, and such, it is claimed, is the right of way of a railroad. * * * There is no equitable reason why the right of way, the value of which can in no sense be· increased by such improvement, should be made· liable for street improvements. If liable, it must be because the statute has so provided, and that the legislature had the right to so enact. This proposition we deny. Private property can only be taken for a public purpose upon just compensation being given. When, therefore, there can be no compensa-

tion there can be no taking. It is a fact beyond controversy that the improvement of the street abutting on the right of way of a railroad can, in no sense, benefit the railroad."

Unless this language, quoted from the first brief, can be held to raise and properly present the question of the constitutionality of the statute, that question was not involved up to that stage of the case.

According to this argument in the brief, if it could be held (as was held by this court) that the improvement was beneficial to the railroad, the statute would be valid, and it would not be necessary to decide as to its constitutionality, but it would be invalid if the improvement was not beneficial to the railroad.

In the answering brief for the appellee, it was claimed that this contention on behalf of the appellant was overthrown by the case of *Peru, etc., R. R. Co.* v. *Hanna*, 68 Ind. 562.

In the appellant's reply brief the case last mentioned was criticised, and it was said, that "it would be of little weight in this court but for the fact that it is bound to accept the decisions of the Supreme Court, except that when such decisions do not meet its approval, it may refer the question to the Supreme Court for reconsideration; which we ask may be done in this case should this court find that such decision stands in the way of reversal."

There was no request or suggestion on the original hearing that the cause be transferred to the Supreme Court, except the conditional request above quoted.

There was further insistence in the reply brief that the improvement could not be regarded as beneficial to the railroad, and it was contended that the statute did not contemplate a personal judgment; that a decision that a personal judgment may be rendered can not stand except the statute itself be disregarded; and

that the rendition of a personal judgment to satisfy a statutory lien is unconstitutional. This was, in effect, a contention that the rendition of a personal judgment was contrary to the statute, and not a contention that the statute was unconstitutional.

If it be proper for us to look thus to the briefs, still we are unable, from the examination of them, to determine that the judgment of this court under consideration was void for want of jurisdiction of the subject-matter.

The motion is overruled, with costs.